TURBIN CHU HEIDT, A Law Corporation
RICHARD TURBIN          (1044)
RAI SAINT CHU           (1133)
JANICE D. HEIDT         (8984)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, Hawaii 96813
Telephone: 528-4000

**Electronically Filed
FIRST CIRCUIT
1CCV-23-0000532
25-APR-2023
03:28 PM
Dkt. 1 CMP**

Attorneys for Plaintiffs
FRANCISCO DELAROSA and
SARAH LINDSEY YEAGER

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| FRANCISCO DELAROSA and SARAH LINDSEY YEAGER,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INS. CO.,<br><br>Defendant. | ) Civil No. _____<br>) (Declaratory Judgment)<br>)<br>)<br>) COMPLAINT FOR<br>) DECLARATORY RELIEF<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, FRANCISCO DELAROSA and SARAH LINDSEY YEAGER, by and through their attorneys, TURBIN CHU HEIDT, for cause of action against the Defendant LIBERTY MUTUAL INS. CO., alleges and avers as follows:

1.  Plaintiffs FRANCISCO DELAROSA and SARAH LINDSEY YEAGER [hereinafter "Plaintiffs"] were residents of the State of Hawaii at the time of the subject automobile collision whereupon this claim is alleged.



EXHIBIT A

2. Defendant LIBERTY MUTUAL INS. CO. [hereinafter "Defendant"] is an insurance business entity doing business in the State of Hawaii with its domicile in the State of Massachusetts and its principal place of business in the State of Massachusetts.

3. At all times herein relevant, Defendant provided automobile liability insurance coverage for Turo vehicle owners (aka hosts) and renters (if purchased) in the event a Turo rental vehicle is in an automobile collision causing injuries.

4. At all times herein relevant, said Defendant automobile insurance policy provided, among other things, liability insurance coverage for the Turo host vehicle when the vehicle's owner's personal automobile insurance policy denies coverage.

5. On or about May 15, 2021 in the City and County of Honolulu, Plaintiffs sustained severe bodily injuries when a vehicle, rented through the Turo internet platform, crossed the center divider line in the roadway, entered their lane of travel, and hit Plaintiffs' vehicle head-on.

6. Plaintiffs allege that the collision was caused by the negligence of the driver of the Turo rental vehicle ["negligent driver"] that caused the severe head-on collision.

7. Plaintiffs allege that the negligent driver's personal automobile insurance policy denied coverage for the collision because there was a specific exclusion on the policy for when the insured was driving a Turo rental vehicle.

8. Plaintiffs allege that the negligent driver, via the Turo internet platform, purchased $20,000 in automobile insurance coverage for his personal liability protection when renting the vehicle.

9. Plaintiffs allege that the Turo host vehicle's automobile insurance denied coverage because the vehicle was being driven as a Turo rental at the time of the collision.

10. Plaintiffs allege that Turo provides liability insurance coverage via Defendant's automobile insurance policy for the host vehicle with the standard $750,000 in liability insurance coverage, as noted on the Turo internet website, when the host vehicle's automobile insurance denies coverage.

11. Plaintiffs allege that the Defendant's $750,000 Turo insurance liability policy provided to the host vehicle is the primary insurance coverage for Plaintiffs' personal injury claims relating to the subject collision.

12. The laws of the State of Hawaii, where the collision occurred, govern the rights and obligations of Plaintiffs and Defendants as it relates to the insurance coverage and benefits provided under said Defendant's automobile insurance policy.

13. Turo rental vehicles are not considered a "rental vehicle" as covered by the U-drive statute in the State of Hawaii. As such, Turo vehicles fall under the State of Hawaii Motor Vehicle Insurance Law as outlined by HRS § 431:10C.

14. Hawaii Supreme Court in Bowers v. Alamo Rent-A-Car, Inc., 88 Haw. 274, 965 P.2d 1274, found that the owner of a vehicle has the primary obligation to provide insurance coverage for the owned vehicle and this obligation may not be avoided through a unilateral contract with a permissive user of the vehicle.

15. Plaintiff requested that Defendant provide coverage under the $750,000 host vehicle policy with Turo, and Defendant has denied Plaintiffs' claim for coverage and benefits on the host vehicle.

16. Plaintiffs allege that they are entitled to the $750,000 in liability coverage on the host vehicle under Defendant insurance policy and Defendant has refused its duty to provide the

$750,000 of insurance coverage on the host vehicle in the collision to which Plaintiffs are entitled according to the laws of the State of Hawaii.

WHEREFORE, Plaintiffs pray for damages and relief as follows:

A.  That this Court declares that based on the facts of this case, said Defendant policy providing $750,000 in coverage on the Turo host vehicle is the primary insurance policy for the subject collision based on the laws of the State of Hawaii.

B.  That this Court declares that, based on the laws of the State of Hawaii, Defendant has an obligation to provide Plaintiffs automobile insurance benefits under the policy providing $750,000 in coverage on the Turo host vehicle for the bodily injuries and damages Plaintiffs suffered and sustained in the subject collision.

C.  That this Court award Plaintiff's costs, attorneys' fees, interest, statutory attorneys' fees and costs, and such other and further relief as this Court deems just and equitable under the circumstances.

DATED: Honolulu, Hawaii, __April 25, 2023__.

/s/ Janice D. Heidt
Richard Turbin
Rai Saint Chu
Janice D. Heidt
Attorneys for Plaintiffs
FRANCISCO DELAROSA and
SARAH LINDSEY YEAGER